CONRAD H. LININGER

*v.*

E. F. HELPENSTELL, Admr.

*Opinion filed October 23, 1907.*

1. HOMESTEAD—*homestead exists where husband and wife are joint tenants.* Where husband and wife are joint tenants of the premises upon which they reside as a homestead they are jointly seized of an estate of homestead in the land, and neither can make a valid conveyance of his or her interest, where the premises do not exceed the value of $1000, unless the other joins in the deed and releases the homestead estate as required by statute.

2. SAME—*when deeds of joint tenants are void.* A deed from husband to wife executed by the husband alone and purporting to convey premises owned by them as joint tenants and occupied by them as a residence, and a subsequent deed by the wife to a third person executed by the wife alone and purporting to convey the entire premises, which are not worth more than $1000, are void, as is also a deed from the wife's grantee based thereon; and if the husband and wife continue to reside upon the premises until their death the title is in the one who survived the other, and is subject to sale for his debts.

APPEAL from the County Court of Rock Island county; the Hon. E. E. PARMENTER, Judge, presiding.

SEARLE & MARSHALL, for appellant:

A homestead exemption cannot be claimed or asserted in lands held in co-tenancy. *Bank* v. *Corbett*, 5 Sawyer, 543; *Wolf* v. *Fleischacker*, 5 Cal. 244; *Ventress* v. *Collins*, 28 La. Ann. 783; *Greig* v. *Eastin*, 30 id. 1130; *Holmes* v. *Winchester*, 138 Mass. 542; *Terry* v. *Berry*, 13 Nev. 514; *Case & Co.* v. *Joyce*, 89 Tenn. 337; *Russell* v. *Lennon*, 39 Wis. 570.

A homestead in co-tenancy lands cannot be asserted by one co-tenant adversely to the other co-tenants. 15 Am. & Eng. Ency. of Law, 568, and cases cited; *Brokaw* v. *Ogle*, 170 Ill. 115; *Terrant* v. *Swain*, 15 Kan. 146.

229—24

It does not matter that a deed purports to convey a larger estate than the grantor possesses. It is good *pro tanto*. *Donlin* v. *Bradley,* 119 Ill. 412.

S. R. KENWORTHY, for appellee:

A deed to a homestead by the householder, even to his or her wife or husband, not subscribed and acknowledged by such wife or husband, possession not being abandoned or given pursuant to the conveyances, is a nullity. *Kitterlin* v. *Insurance Co.* 134 Ill. 647; *Barrows* v. *Barrows,* 138 id. 649; *Hagerty* v. *Hagerty,* 149 id. 655.

Under these decisions, if the homestead attempted to be so conveyed is worth not more than $1000 no title whatever passes, but if the lands conveyed exceed in value that amount then it passes only the excess over the homestead right. *Anderson* v. *Smith,* 159 Ill. 96; *Despain* v. *Wagner,* 163 id. 601; *Gray* v. *Scholfield,* 175 id. 220; *Stickel* v. *Crane,* 189 id. 220; *Shields* v. *Bush,* 189 id. 543.

A deed of land to a man and his wife, "not as tenants in common but as joint tenants," creates in the grantees an estate in joint tenancy, with right of survivorship. *Mette* v. *Feltgen,* 148 Ill. 357; *Slater* v. *Gruger,* 165 id. 329; *Mittel* v. *Karl,* 133 id. 65.

If a husband and wife are seized, as tenants in common, of a lot, occupying it as a residence, they are jointly seized of an estate of homestead. *Capek* v. *Kropik,* 129 Ill. 518.

An undivided interest in land accompanied by exclusive possession will support a right of homestead in one of the co-tenants. *Brokaw* v. *Ogle,* 170 Ill. 115; *Wike Bros.* v. *Garner,* 179 id. 257.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellee, as administrator of the estate of Jacob Deis, deceased, filed his petition in the county court of Rock Island county, praying for an order directing him, as such administrator, to sell certain real estate alleged to have been

owned by said deceased, to pay the debts of said estate. Incidentally it was also sought to have certain deeds of record in that county delivered up and canceled of record as clouds upon the title to said real estate. The only defense interposed to the petition was that Jacob Deis was not, at the time of his death, the owner of said real estate.

Upon the hearing appellee introduced in evidence a deed from Moses Heidelberg and wife, dated August, 1872, conveying the premises described in the petition to Jacob Deis and Caroline Deis, his wife, as joint tenants and not as tenants in common. It was stipulated by the parties that said premises were used and occupied by Jacob Deis and Caroline Deis, his wife, as a residence, continuously from the date of that deed up to the death of Jacob Deis; that Caroline Deis departed this life intestate on February 21, 1904; that Jacob Deis departed this life intestate on March 10, 1904, and that said premises have not, at any time since August, 1872, been worth more than $1000.

Appellant, to maintain his defense, offered in evidence a warranty deed from Jacob Deis to Caroline Deis dated April 22, 1899, and executed by Jacob Deis alone, which purported to convey said premises to the grantee therein named; also a warranty deed from Caroline Deis to Dorotha Singleman, dated February 27, 1903, and executed by Caroline Deis alone, which purported to convey said premises to Dorotha Singleman; and a warranty deed from Dorotha Singleman to Conrad H. Lininger, the appellant, dated September 25, 1905, which purported to convey to him the premises in controversy.

Caroline Deis left her surviving Jacob Deis, her husband, William Keipp, her son by a former marriage, and Dorotha Singleman, the child of a deceased daughter by the former marriage, as her only heirs-at-law; and Jacob Deis left him surviving Mary Studer, a daughter, and George Deis, a son, both by a former marriage, as his only heirs-at-law. The heirs of Jacob Deis and the heirs of

Caroline Deis, together with Conrad H. Lininger, were made defendants to the petition.

The county court found that the deed from Jacob Deis to Caroline Deis, the deed from Caroline Deis to Dorotha Singleman, and the deed from Dorotha Singleman to Conrad H. Lininger, were clouds upon the title descended from Jacob Deis, deceased, and ordered that they be set aside and declared null and void, and that the petitioner proceed to sell said real estate to pay the debts of the estate of said deceased and the costs of administration. Conrad H. Lininger has prosecuted an appeal to this court.

The deed from Jacob Deis to Caroline Deis was declared void by the county court on the ground that it attempted to convey the homestead of the grantor and was not signed and acknowledged by his wife, as required by section 4 of the Homestead act.

In *Brokaw* v. *Ogle,* 170 Ill. 115, and *Wike Bros.* v. *Garner,* 179 id. 257, this court held that a homestead may exist in lands held in co-tenancy in favor of the occupying tenant as against creditors of that tenant. Appellant contends, however, that if a homestead can be asserted in lands, held in co-tenancy, by one co-tenant as against the creditors of that co-tenant, it cannot be asserted as against or to the prejudice of the other co-tenants. Appellant does not, however, indicate in what manner that proposition is of controlling effect in the case at bar. The statute creates the estate of homestead for the benefit of the householder and his or her family, and requires any release, waiver or conveyance of such estate to be in writing, subscribed by the householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged, unless possession is abandoned or given pursuant to the conveyance. The statute gives the wife of the householder the power to prevent a sale of the homestead in case she desires so to do, and by its terms it is equally applicable whether the husband is the

owner of the realty in fee simple absolute or is merely one of several joint tenants owning the land.

It is said, however, that "where the joint tenants are husband and wife, if one may assert a homestead in the joint estate which can be conveyed only in the manner prescribed by the statute, then the other joint tenant is powerless to destroy or sever the joint tenancy, and thus defeat the right of survivorship, except with the consent of the other joint tenant, who by dissenting has the possibility of profiting thereby," and it is urged that this affords a reason for holding that no homestead attaches in such cases as that at bar, as between the husband and wife. This reasoning, if carried to its logical conclusion, would defeat the homestead exemption in all cases. If the wife can prevent the husband conveying any interest in the homestead when he is the owner of all the title therein, it would not seem a good objection to the assertion of the homestead right to say that if it be held to exist it would prevent the husband conveying his interest in the realty covered thereby when his interest was merely that of a joint tenant. In either event the wife may profit by his inability to convey. The condition of the husband in this regard is the same whether he owns the entire title to the property or is merely a joint tenant with his wife. The wife, here, could assert a right of homestead as against her co-tenant, not alone because she occupied the premises as a homestead, but because, in addition to that fact, the co-tenant was her husband. Had the person owning the property jointly with her been some person other than her husband, the question whether she could assert a homestead to the prejudice of that joint owner would be determined upon different considerations entirely.

The respective interests which a husband and wife have in property owned by them in common and occupied by them as a residence are discussed in *Capek* v. *Kropik,* 129 Ill. 509. There the husband and wife had been tenants in common of the property. The wife died, leaving her sur-

viving her husband, and also leaving minor children by a former marriage. The surviving husband sought to have his homestead set off in the whole of said premises. In considering the relative rights of the husband and wife in the property, and the rights of her children therein after her death, this court said (p. 518): "Appellant and his wife were seized as tenants in common of the lot in question, and, each occupying the same as a residence for themselves and family, were jointly seized of an estate of homestead in such lot. Upon the death of the wife the fee to the moiety owned by her descended to and vested in her heirs-at-law, subject to the homestead interest of the surviving husband and her minor children, and the dower right of the husband in the residue of the premises after the allotment of the homestead estate. Upon her death, as before, the husband, by virtue of the statute, was entitled to homestead in one-half of said lot in his own right, as owner of the fee, and the homestead interest in the moiety of which the wife died seized was by the statute continued for his benefit and for the benefit of the minor children of the wife until the youngest attained the age of twenty-one years, each moiety of the fee contributing to the homestead estate. * * * It is apparent that the right of occupancy is not divisible, and although the minor step-children could only have homestead in the moiety of which their mother died seized, yet the right of occupancy, so long as the homestead continues, must necessarily continue for their benefit in the whole of the land constituting the homestead,—that is, no allotment of the homestead could be made except by setting off by metes and bounds, or otherwise, the dwelling house, etc., of the value of $1000; and it necessarily follows that any allotment of homestead made to appellant must require that each moiety of the fee contribute its share thereto. It was not, therefore, error for the court, upon the prayer of complainant that his homestead be set off, to find and declare the homestead to exist in the whole of said premises."

In the case last cited the husband and wife were tenants in common of the property, while in the case at bar they were joint tenants. That difference, however, is not material in considering the nature of the estate held by the husband and wife during the lifetime of both. If they are "jointly seized of an estate of homestead" in the property held by them as tenants in common, it necessarily follows that they are jointly seized of an estate of homestead in property held by them as joint tenants.

The deed from Jacob Deis to Caroline Deis, his wife, was inoperative and void because it attempted to convey the homestead of the grantor and was not signed and acknowledged by his wife, as required by section 4 of the Homestead act. (*Kitterlin* v. *Milwaukee Mechanic's Mutual Ins. Co.* 134 Ill. 647; *Barrows* v. *Barrows,* 138 id. 649.) The deed from Caroline Deis to Dorotha Singleman was likewise void because it attempted to convey the homestead of Caroline Deis and was not signed and acknowledged by the husband of the grantor. The deed from Dorotha Singleman to the appellant depended upon the validity of the deed from Caroline Deis. That deed being void, the deed from Dorotha Singleman to the appellant passed no title. Upon the death of Caroline Deis, her husband, Jacob Deis, became seized of the entire title to the premises in controversy by the right of survivorship. So far as this record shows, he died seized in fee of those premises and they descended to his heirs, subject, however, to the right of his administrator to resort to them for the payment of the debts of the estate.

The decree of the county court was therefore the proper one in this case, and it will accordingly be affirmed.

*Decree affirmed.*