In re Richard C. MORRIS, Robert E. Morris, Debtors.

Bankruptcy No. BK 89–41056.

United States Bankruptcy Court, S.D. Illinois.

June 21, 1990.

Terry Sharp, Mt. Vernon, Ill., for trustee.

James E. Ford, Benton, Ill., for debtors.

---

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on the trustee's objection to the homestead exemptions claimed by the debtors, Richard and Robert Morris. The Morrises, whose separate bankruptcy cases are being jointly administered by this Court, each claim a homestead exemption in the amount of $7,500 in their respective residences. Record title to the residences is in the name of F.C. Morris & Sons, Inc. ("Morris, Inc."), a family-owned corporation which was legally dissolved in 1977. The trustee objects that no homestead exemption may be claimed in property held in the name of a corporation. The debtors assert that, as owners of the stock of the dissolved corporation, they succeeded to ownership of the corporate property upon dissolution and thus have an interest in the residences sufficient to qualify for a homestead exemption under Illinois law. *See* Ill.Rev.Stat., ch. 110, ¶ 12–901. The Court agrees and, accordingly, finds that the debtors' homestead exemptions are proper.

Prior to 1977, the debtors transferred title to their individual residences to Morris, Inc., and had the deeds recorded in the local real estate records. On November 21, 1977, Morris, Inc., an Iowa corporation, was involuntarily dissolved by the Iowa Secretary of State. No action has been taken to have the debtors' interests in the real estate determined. However, in their bankruptcy petitions, the debtors each assert a 45.5% interest in the assets of the defunct corporation, subject to the rights of its creditors and minority stockholders. The debtors claim homestead exemptions in the real estate previously conveyed to the corporation based on their respective interests as stockholders of the corporation.

■ The Illinois exemption statute provides in pertinent part:

> Every individual is entitled to an estate of homestead to the extent in value of $7,500, in the farm or lot of land and buildings thereon, ... *owned or rightly possessed by lease or otherwise* and occupied by him or her as a residence ...; and such homestead ... is exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts....

Ill.Rev.Stat., ch. 110, ¶ 12–901 (emphasis added).

■ Illinois courts have consistently held that the statutory phrase "owned or rightly possessed by lease or otherwise" requires that a debtor have title or some ownership interest in property in order to claim a homestead exemption. *DeMartini v. DeMartini*, 385 Ill. 128, 52 N.E.2d 138 (1943); *Sterling Savings and Loan Ass'n v. Schultz*, 71 Ill.App.2d 94, 218 N.E.2d 53 (1966). While there must be some right or interest to which the homestead attaches, fee simple title is not necessary, and the homestead exemption will protect any estate in land that could be seized and sold on execution were it not occupied as a residence. *See* 20 I.L.P., *Homesteads*, § 30 (1956).

■ Here, the debtors' interest in the property claimed as a homestead derives from their status as shareholders of a dissolved corporation. Illinois law provides

that, upon dissolution of a corporation, its assets belong to the shareholders as tenants in common, subject to the rights of creditors and the legal claims of third persons, and a shareholder has the right to participate according to the number of his shares in the assets of the corporation remaining on dissolution after payment of its debts. *Shute v. Chambers,* 142 Ill.App.3d 948, 97 Ill.Dec. 92, 492 N.E.2d 528 (1986); *see* 13 L.L.P. *Corporations,* § 640 (1955). The act of dissolution of a corporation works a change in the form of the interests of its members by destroying the stock and substituting the thing which the stock represented—the legal interest in the property—and leaves the members to a division of this. *Shute; see Levy v. Liebling,* 238 F.2d 505 (7th Cir.1956). The change takes place by operation of law, and no legal action is required to transfer ownership of the net assets of the dissolved corporation. *Shute.*

In the present case, the debtors acquired an interest in the property of Morris, Inc.—including the residences in which they assert a homestead exemption—upon dissolution of the corporation in 1977. The trustee points out that there has been no quiet title action or other proceeding to vest title in the debtors. However, such an action was not necessary to transfer ownership of corporate assets to the debtors, as their interest passed to them by operation of law. *See Shute.* The trustee's assertion that the debtors must have record title to the real estate to come within the exemption statute is flawed, as title, rights, and interests in real property may exist in persons other than those shown by the records. *See* 73 C.J.S. *Property,* § 31 (1983).

The debtors each hold undivided interests as tenants in common in their individual residences in proportion to the percentage of stock they held in the dissolved corporation, Morris, Inc. It is well established under Illinois law that the undivided interest of a cotenant is sufficient to support a right of homestead. *Wike Bros. v. Garner,* 179 Ill. 257, 53 N.E. 613 (1899); *see Lininger v. Helpenstell,* 229 Ill. 369, 82 N.E. 306 (1907). Accordingly, the debtors are entitled to the homestead exemption under Ill.Rev.Stat., ch. 110, ¶ 12–901, and the trustee's objection to their claims of homestead must be overruled.

IT IS ORDERED that the trustee's objection to the homestead exemptions claimed by debtors is OVERRULED.