**In re Kimberly VanZANT, Debtor.**

**Bankruptcy No. 96–40889.**

United States Bankruptcy Court,
S.D. Illinois.

July 17, 1997.

Charles D. Taylor, Harrisburg, IL, for Debtor.

Thomas Foster, Harrisburg, IL, for Creditor.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

In this Chapter 7 proceeding, debtor Kimberly VanZant seeks to avoid a judicial lien under § 522(f)(1)(A) as impairing her Illinois homestead exemption. *See* 11 U.S.C. § 522(f)(1)(A) (1994).[1] The debtor claims a $7,500 exemption in her residence, which is valued at $27,000 and is subject to a first mortgage of $22,123.77. Creditor Harold Pfifer has a judicial lien against the debtor's residence in the amount of $34,722.51. The debtor argues that since there is not sufficient equity in the property to satisfy the mortgage and the judicial lien and, at the same time, give effect to the exemption claimed by her, the judicial lien impairs her exemption and must be avoided under the mathematical formula set forth in 11 U.S.C. § 522(f)(2)(A). The creditor, citing this Court's decision in *In re Cerniglia*, 137 B.R. 722 (Bankr.S.D.Ill.1992), responds that his judicial lien does not impair the debtor's exemption because, under applicable Illinois law, no lien attaches to a debtor's homestead interest in property.[2] *Id.* at 726.

Section 522(f) was amended in 1994, and former § 522(f)(1), governing the avoidance of judicial liens on a debtor's exempt property, was renumbered as § 522(f)(1)(A). The wording of § 522(f)(1)(A) itself is essentially unchanged from the language at issue in this Court's 1992 *Cerniglia* decision addressing lien avoidance under § 522(f)(1). However, § 522(f) was further amended to clarify the intent of former § 522(f)(1). This case presents an issue of first impression concerning the effect of the 1994 amendments on the viability of the Court's ruling in *Cerniglia*.[3]

Section 522(f)(1)(A) allows a debtor to avoid or "undo" the fixing of a judicial lien on a debtor's interest in property if the lien impairs an exemption to which the debtor would otherwise be entitled. In this way, the debtor can create equity in property encumbered by liens prior to bankruptcy, and the equity, in turn, becomes part of the bankruptcy estate to be exempted by the debtor. *See Owen v. Owen*, 500 U.S. 305, 308–09, 111 S.Ct. 1833, 1835–36, 114 L.Ed.2d 350 (1991). Section 522(f)(1)(A) thus protects the debtor's exemption rights from being diminished or even eliminated by liens that attached to the debtor's property by means of judicial process prepetition.[4]

Section 522(f)(1)(A) provides in pertinent part:

Notwithstanding any waiver of exemptions ..., the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—

(a) a judicial lien....

11 U.S.C. § 522(f)(1)(A). Given its somewhat convoluted language, it is not surprising that § 522(f)(1)(A) (formerly 11 U.S.C. § 522(f)(1) (1988)) engendered much litigation prior to 1994.[5] Courts were divided concerning "the extent to which" a judicial lien could be avoided under this section, that is, whether a debtor with insufficient equity in property to provide the debtor's full homestead exemption could avoid the judicial lien in its entirety or whether the lien would be avoided only in the amount of the debtor's exemption. *See* H.R.Rep. No. 835, 103rd Cong., 2d Sess. 52–54 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3361–63; *see also* 4 *Collier on Bank-*

---

1. The facts are undisputed.

2. Illinois has "opted out" of the federal exemptions, and the relevant exemption under 11 U.S.C. § 522(b) is that defined by state law. *See* 11 U.S.C. § 522(b)(1), (2)(A); 735 Ill. Comp. Stat. 5/12–1201 (1994).

3. While another bankruptcy court applying Illinois exemption law has found that the amendment in question rendered its previous decision relying on *Cerniglia* inapposite, *see In re Allard*, 196 B.R. 402, 411 (Bankr.N.D.Ill.1996), *aff'd* 202

B.R. 938 (N.D.Ill.1996) (citing to *In re Harrison*, 164 B.R. 611, 614 (Bankr.N.D.Ill.1994)), the court's truncated discussion refers only to the legislative history of the amendment and contains no mention of *Cerniglia*.

4. The Code defines "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

5. The amendments to § 522(f) became effective in October 1994.

*ruptcy,* ¶ 522.11[3], at 522–77 to 522–79 (15th ed.1997); David G. Carlson, *Security Interests on Exempt Property after the 1994 Amendments to the Bankruptcy Code,* 4 Am. Bankr.Inst. L.Rev. 571 67 (1996). Some courts ruled that the lien was avoided in its entirety on the premise that allowing any part of the judicial lien to remain would hinder the debtor's ability to deal with the property following bankruptcy and thus frustrate the debtor's "fresh start." Other courts, reasoning that the lien impaired the debtor's homestead exemption only to the extent it attached to the debtor's equity at the time of bankruptcy, avoided the lien to that extent but left the remainder of the lien intact to attach to any equity the debtor might acquire in the property after bankruptcy.

In 1992, this Court considered the issue of impairment under § 522(f)(1) and found, from a plain reading of the statute, that the judicial lien at issue "impaired" the exemption of the debtors only to the extent it attached to their otherwise exempt property and prevented them from getting the benefit of their exemption. *Cerniglia,* 137 B.R. at 725. The Court further found, upon an analysis of applicable Illinois law, that no judicial lien attached to the exempt amount of the debtors' homestead. *Id.* at 726.[6] From this, the Court concluded that there was no necessity to avoid the creditor's lien under § 522(f)(1), since the debtors' exemption would be preserved to them in any event and they would gain nothing by the use of § 522(f)(1) beyond the exemption rights afforded them under state law. *Id.*

Subsequently, in the Bankruptcy Reform Act of 1994, Congress sought to clarify the intent of § 522(f)(1) and render court decisions more predictable by adding a provision that defines the meaning of "impairment." *See* H.R.Rep. No. 103–835, at 52, *reprinted in* 1994 U.S.C.C.A.N., at 3361. New § 522(f)(2) sets out a mathematical formula for determining "the extent to which" a lien

impairs an exemption under subsection (f). Specifically, "for purposes of [subsection 522(f) ]," a lien impairs a debtor's exemption "to the extent that the sum of [all liens on the property, including the lien under consideration]," together with "the amount of the exemption that the debtor could claim if there were no liens on the property[,] exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2).

■ In adopting this expansive definition of "impairment," Congress established that when a debtor acts to avoid a judicial lien under § 522(f)(1)(A), the lien will survive only if, at the time of the bankruptcy filing, the debtor's property has sufficient value to satisfy all liens on the property including the judicial lien and, at the same time, give effect to the debtor's exemption in the property. In all other instances, such as when a debtor has no equity in the property above a mortgage senior to the judicial lien or when the amount of such equity is less than the amount of the lien and/or the exemption, the judicial lien will be avoided in its entirety. In this way, no part of the judicial lien remains following bankruptcy to attach to any postpetition appreciation in the value of the property or to any increased equity created by a debtor's mortgage payments out of postpetition income. *See* 4 *Collier on Bankruptcy,* ¶ 522.11[3], at 522–79.

■ The prodebtor approach of new § 522(f)(2) is consistent with the Supreme Court's earlier decision in *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), where the court ruled that a state, by defining exempt property in such a way as to specifically exclude property encumbered by certain liens, "[could] not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision [in § 522(f) ]." 500 U.S. at 313, 111 S.Ct. at 1838; *see* 4 *Collier on Bankruptcy,* ¶ 522.11[3], at 522–80. Indeed, the legislative commentary to § 522(f)(2) ex-

---

6. The Illinois homestead exemption provides:

Amount. Every individual is entitled to an estate of homestead to the extent in value of $7,500, in the farm or lot of land and buildings thereon, ... owned or rightfully possessed by lease or otherwise and occupied by him or her as

a residence ...; and such homestead, and all right and title therein, is exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts....
735 Ill. Comp. Stat. 5/12–901.

pressly states: "By focusing on the dollar amount of the exemption and defining 'impairment,' the amendment . . . clarifies that a judicial lien on . . . property can impair an exemption even if [,under state law,] the lien cannot be enforced [by sale or other means]." H.R.Rep. No. 103–835, at 53, *reprinted in* 1994 U.S.C.C.A.N., at 3362. New § 522(f)(2) thus underscores the Code's policy of distinguishing between a debtor's exemption rights under state law and the availability of lien avoidance in bankruptcy. In effect, while state law identifies and quantifies the property a debtor may exempt from the bankruptcy estate in those states that have "opted-out" of the federal exemptions, the Code does not adopt or preserve the state exemptions with all their built-in limitations. *See In re Davis,* 105 F.3d 1017, 1022–23 (5th Cir.1997). Rather, as implied by *Owen* and as demonstrated by the definition of "impairment" in § 522(f)(2), judicial liens on exempt property can be eliminated regardless of the content of state exemption law. *See* Carlson, *Security Interests on Exempt Property,* at 60.

■ Because § 522(f)(2) now explicitly defines "impairment" for purposes of lien avoidance under § 522(f)(1)(A), this Court's ruling in *Cerniglia* is no longer viable. The *Cerniglia* decision was based on the Court's interpretation of the meaning of "impairment," and Congress has made a policy decision rejecting that interpretation. Thus, even though under Illinois law, no judicial lien may attach to a debtor's exempt homestead interest in property and the debtor may deal with this exempt interest without restraint following bankruptcy, *see Dixon v. Moller,* 42 Ill.App.3d 688, 1 Ill.Dec. 411, 414, 356 N.E.2d 599, 602 (1976); *Lehman v. Cottrell,* 298 Ill. App. 434, 437, 19 N.E.2d 111, 114 (1939), the debtor's exemption is "impaired" for purposes of avoidance under § 522(f)(1)(A) if, under the mathematical formula set forth in § 522(f)(2), the property itself is of insufficient value to satisfy the liens on the property while allowing for the amount of the debtor's exemption. Accordingly, in the present case, the creditor's reliance on *Cerniglia* is without merit and must fail.

■ Under the straightforward formula of § 522(f)(2), it is evident the creditor's lien in

this case "impairs" the debtor's homestead exemption, since the sum of the first mortgage on the residence ($22,123.77), the creditor's judicial lien ($34,722.51), and the debtor's exemption ($7,500) exceeds the value of the debtor's property in the absence of any liens ($27,000). However, before finding that the creditor's lien is avoided under § 522(f)(1)(A), the Court must additionally consider the other elements of avoidability under this provision, first, whether the lien is a "judicial lien" and, second, whether the lien "fixed on an interest of the debtor in property." *See In re Henderson,* 18 F.3d 1305, 1308 (5th Cir.1994), *cert. denied Belknap v. Henderson,* 513 U.S. 1014, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994). The parties here acknowledge that the lien in question is a "judicial lien." The other element, the "fixing of a lien on a interest of the debtor in property," is more problematic. Some courts, seizing on the Supreme Court's reasoning in *Farrey v. Sanderfoot,* 500 U.S. 291, 298–301, 111 S.Ct. 1825, 1829–31, 114 L.Ed.2d 337 (1991), that a debtor must have a property interest that preexisted the lien in order for there to be a "fixing" of the lien, have declined to avoid a lien that arose simultaneously with the debtor's acquisition of an interest in property, even though the lien would have "impaired" the debtor's exemption under the formula of § 522(f)(2). *See, e.g., In re Scarpino,* 113 F.3d 338 (2d Cir.1997); *Owen v. Owen,* 961 F.2d 170, 172 (11th Cir.1992), *cert. denied,* 506 U.S. 1022, 113 S.Ct. 659, 121 L.Ed.2d 584 (1992); *see also In re Cooper,* 202 B.R. 319 (Bankr.M.D.Fla.1995), *aff'd* 197 B.R. 698 (M.D.Fla.1996); 4 *Collier on Bankruptcy,* ¶ 522.11[4], at 522–82 to 522–85.

■ In this case, there is no indication the debtor's property interest and the creditor's lien arose simultaneously so as to preclude the "fixing" of a lien as discussed in *Sanderfoot.* However, a question remains as to whether, since a judicial lien cannot attach to a debtor's exempt interest in property under Illinois law, the creditor's lien attached to or fixed on "an interest of the debtor in property" as required by § 522(f)(1)(A). The answer lies in the plain language of the statute. Section 522(f)(1)(A), as written, does not require that the lien fix on an "exempti-

**1016**

ble" interest of the debtor, only that it fix on "an interest" of the debtor in property. *See In re Maddox,* 15 F.3d 1347, 1351–52 (5th Cir.1994). Under the Bankruptcy Code, a debtor has an "interest in property" even if the property is fully encumbered by liens and the debtor has only an equitable or possessory interest. *See* 5 *Collier on Bankruptcy,* ¶ 541.01, at 541–22 (under the broad definition of "property" incorporated in 11 U.S.C. § 541(a)(1), a debtor's "interest in property" includes "title" to property as well as a possessory or leasehold interest); *see also In re Simonson,* 758 F.2d 103, 108–09 (3d Cir.1985) (Becker, J., dissenting); *In re Brown,* 734 F.2d 119, 123 (2d Cir.1984); *In re Cheek,* 111 B.R. 828, 830 (Bankr.E.D.Mo.1990). The legislative commentary to § 522(f)(1)(A) confirms that lack of equity in property need not preclude avoidance of a lien on that property, as a debtor in that situation "is entitled to exempt his or her residual interest[ ], such as a possessory interest . . ., and avoid a judicial lien . . . that attaches to that interest." H.R.Rep. No. 103–835, at 52, *reprinted in* 1994 U.S.C.C.A.N., at 3361; *see In re Higgins,* 201 B.R. 965, 967 (9th Cir.BAP 1996). Although, under Illinois law, a judicial lien may not attach to a debtor's exempt homestead interest, this interest is a right to payment of the statutory amount and is distinct from the debtor's title or possessory interest in the property itself, which is subject to such attachment. *See In re Morris,* 115 B.R. 626, 627 (Bankr.S.D.Ill.1990) (debtor must have some right or title to which homestead attaches in order to claim a homestead exemption). The Court finds, therefore, that the creditor's lien in this case "fixed" on an "interest of the debtor in property" even though she lacked any equity in the property above the amount of her homestead exemption. All the elements of avoidability under § 522(f)(1)(A) are satisfied, and the debtor is entitled to avoid the creditor's lien in its entirety.

For the reasons stated, the Court will grant the debtor's motion to avoid the judicial lien of creditor, Harold Pfifer.