**In re Thomas J. VOKAC and Lucy M. Vokac, Debtors.**

**No. 98 B 00259.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Feb. 8, 2002.

---

Terence M. Fenelon, The Law Offices of Terence M. Fenelon, Naperville, IL, for Movant.

Steven S. Potts, Law Offices of Andrew J. Maxwell, Chicago, IL, for Respondent.

Glenn Steans, Lisle, IL, Chapter 13 Standing Trustee.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Thomas and Lucy Vokac (the "Debtors") to avoid a judicial lien pursuant to 11 U.S.C. § 522(f)(1)(A), § 522(f)(2)(A) and Federal Rule of Bankruptcy Procedure 4003(d). For the reasons set forth herein, the Court grants the motion in part and denies it in part. The Court partially avoids the judicial lien of Michael and Truus Gillbanks (the "Creditors") to the extent of $50,302.62. The remainder of the Creditors' judicial lien against the real property is not avoidable and remains valid and enforceable to the extent of $56,602.63, after crediting the amount already paid to the Creditors through the Chapter 13 plan ($31,587.37).

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

## II. FACTS AND BACKGROUND

Many of the facts are undisputed. On May 12, 1995, a final judgment was entered in favor of the Creditors and against the Debtors in the sum of $121,784.56 plus costs in a lawsuit brought by the Creditors against the Debtors in the Circuit Court of DuPage County, Illinois. See Exhibit No.

1 to Creditors' Response to Debtors' Motion to Avoid Lien. After crediting the Debtors the sum of $10,000.00 due to a settlement of a counterclaim the Debtors had asserted against the Creditors, the principal amount due to the Creditors pursuant to the judgment was $111,784.56. On November 22, 1995, the Creditors recorded a memorandum of judgment with the Recorder of Deeds in DuPage County, Illinois. *See* Exhibit No. 2 to Creditors' Response to Debtors' Motion to Avoid Lien. Upon the recording of the memorandum of judgment, the Creditors obtained a valid and enforceable judicial lien against the Debtors' real property, 24 W. 567 Ohio Street, Naperville, Illinois (the "Property"), under Illinois law. *See* 735 ILCS 5/12–101.

On August 23, 1996, the Debtors filed a Chapter 7 bankruptcy petition (96 B 22266). The Debtors received a discharge in that case. Thereafter, on January 6, 1998, the Debtor filed the instant Chapter 13 bankruptcy petition. The only proof of claim filed in the case was by the Creditors in the sum of $138,492.62. *See* Exhibit A to Trustee's Supplement to the Record. The claim has not been objected to by any party and thus is deemed allowed under 11 U.S.C. § 502(a). On October 6, 1998, the Debtors' plan was confirmed. The plan provided for payment of $935.00 for thirty-six months to the Chapter 13 Standing Trustee for a total "pot" of $33,660.00. Pursuant to the Chapter 13 Standing Trustee, the Debtors made payments from June 1998 through January 2001 totaling $33,660.00. *See* Exhibit B to Trustee's Supplement to the Record. The Creditors acknowledge, and the Chapter 13 Standing Trustee states, that a total of $31,587.37 has been paid to the Creditors by the Trustee from March 1999 through February 2001. *See* Exhibit C to Trustee's Supplement to the Record. According to the Chapter 13 Standing Trustee, the balance

owed on the secured claim of the Creditors is $106,905.25. *See* Exhibit E to Trustee's Supplement to the Record.

As of the date the Debtors commenced this bankruptcy case, the amount due on the mortgage encumbering the Property was $106,810.00. *See* Exhibit A to Motion to Avoid Lien. Thus, based upon that secured indebtedness, as of the date the Debtors commenced this case, the Creditors' junior judicial lien was only partially secured because the Debtors valued the Property at $161,500.00 in their Schedules. However, pursuant to a post-petition appraisal obtained by the Debtors in April 1998, the value of the Property was substantially higher—$48,500.00. *See* Exhibit No. 3 to Creditors' Response to Debtors' Motion to Avoid Lien. The appraisal stated that as of April 16, 1998, three months after the Debtors filed this case, the fair market value of the Property in "as is" condition was $210,000.00. *Id.*

On December 3, 2001, the Debtors filed the instant motion to avoid the Creditors' judicial lien against the Property. The Creditors filed a response in opposition thereto, arguing that the value of the Property should be measured by the April 1998 appraisal or the sum of $210,000.00, instead of the figure listed by the Debtors on their Schedules—$161,500.00. The Debtors were afforded the opportunity to reply, but failed to do so by the deadline. On January 18, 2002, the Chapter 13 Standing Trustee filed a supplement to the record. The parties waived their opportunity for an evidentiary hearing and opted to have the Court decided the matter based on the filed papers.

## III. *DISCUSSION*

Section 522(f)(1)(A) of the Bankruptcy Code generally permits a debtor to avoid the fixing of a judicial lien on an interest in

the debtor's property to the extent that such lien impairs the debtor's entitlement to an exemption under 11 U.S.C. § 522(b). *See* 11 U.S.C. § 522(f)(1)(A). A "judicial lien" is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). It is undisputed that the Creditors have a judicial lien against the Debtors' Property subordinate to the mortgage lien. Section 522(f)(1) provides in relevant part:

the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt—[for alimony, maintenance, and support].

11 U.S.C. § 522(f)(1)(A). Subsection 2 of § 522(f) provides the mathematical formula for determining impairment as follows:

For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). Hence, under these provisions, a debtor may avoid a judicial lien to the extent that it impairs an exemption to which the debtor would otherwise be entitled.

■ In *Sheth v. Affiliated Realty & Mgmt. Co. (In re Sheth),* 225 B.R. 913 (Bankr.N.D.Ill.1998), the court held that the plain meaning of the above-cited statu-tory language allows for partial avoidance of a judicial lien only to the extent that the lien partially impairs the debtor's exemption. *Id.* at 918. The *Sheth* court further opined:

when the property's value, minus the sum of (i) other liens, (ii) the exemption and (iii) the judicial lien, produces a negative number, this is the extent to which the lien should be avoided. This is the extent to which the exemption is impaired. It may be more or less than the face amount of the judicial lien and may result in a full or a partial avoidance of that lien.

*Id. Accord In re Silveira,* 141 F.3d 34, 38 (1st Cir.1998); *Nelson v. Scala,* 192 F.3d 32, 34 (1st Cir.1999); *In re Falvo,* 227 B.R. 662, 666 (6th Cir. BAP 1998); *In re Hanger,* 217 B.R. 592, 595 (9th Cir. BAP 1997), *aff'd,* 196 F.3d 1292 (9th Cir.1999); *In re Cisneros,* 257 B.R. 332, 335 (Bankr.D.N.M. 2000). This Court agrees with the analysis and rationale employed in *Sheth* and the other cases and now adopts that approach in its entirety, in contrast to other case law which holds that the entire lien is to be avoided. *See, e.g., In re VanZant,* 210 B.R. 1011 (Bankr.S.D.Ill.1997). The Court concludes that the line of cases which allows for partial avoidance of the lien is the better view because the statute employs the phrase "to the extent that" and not the word "if." Thus, a partial lien avoidance is contemplated by the statutory language in contrast to an all or nothing result.

■ Next, the Court must determine which value of the Property to utilize—the Debtors' value of the Property listed on their Schedules at $161,500.00 or the appraisal of the Property, which was performed by a licensed appraiser approximately three months after the filing of the bankruptcy petition valuing the Property at $210,000.00, an increase of $48,500.00 over the Debtors' scheduled value. The

Court holds that the appropriate time to measure the value of the Debtors' Property is at the time of the bankruptcy filing. *See VanZant*, 210 B.R. at 1014 ("under § 522(f)(1)(A), the lien will survive only if, at the time of the bankruptcy filing, the debtor's property has sufficient value....").

■ The Court will utilize the value set forth in the appraisal of the Property, which was done only three months after the filing of the bankruptcy petition. The Court tends to lend more weight to the appraisal. Courts have generally held that an owner is competent to give his opinion on the value of his property, often by stating the conclusion without stating a reason. *See In re Damron*, 8 B.R. 323, 325 (Bankr.S.D.Ohio 1980) (owner of property may ordinarily give opinion as to present value of his property under Federal Rule of Evidence 701). The written appraisal of the Property performed by a qualified appraiser, who considered the traditional three approaches of comparable sales, reproduction cost estimate and discounted income (which latter approach was found by the appraiser to be inapplicable to the subject Property), will be afforded more weight as to the value of the Debtors' Property at the time of the filing of the bankruptcy petition. The determination of the weight to be given to the opinion evidence of value is a matter within the discretion of the trier of fact. *See United Air Lines, Inc. v. International Ass'n of Machinist and Aerospace Workers, AFL-CIO*, 243 F.3d 349, 360–61 (7th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 202, 151 L.Ed.2d 143 (2001) (substantial deference give to trial court's decision because of its proximity to the evidence). Therefore, the Court finds that the value of the Property, as found in the appraisal, which was performed by an expert appraiser under Federal Rule of Evidence 702, as opposed to the value assigned by the Debtors in their Schedules, is more probative and indicative of the appropriate value of the Property at the time of the filing of the bankruptcy petition.

Applying the *Sheth* holding to the instant matter, the Court calculates the judicial lien avoidance as follows:

| | | |
|---|---|---|
| Fair Market Value of Real Estate | | $210,000.00 |
| Less Sum of— | | |
| Mortgage | $106,810.00 | |
| Homestead exemptions of Debtors | $ 15,000.00 | |
| Judicial Lien | $138,492.62 | |
| Sub-total | | $260,302.62 |
| Extent of Impairment and Amount of Avoidance | | $(50,302.62) |
| Net Lien Surviving Avoidance | | $ 88,190.00 |

Pursuant to § 522(f)(2)(A), the sum of (i) the judicial lien ($138,492.62), (ii) all other liens ($106,810.00), and (iii) the amount of the Debtors' homestead exemption ($15,-000.00)—which sum equals $260,302.62—exceeds the value that the Debtors' Property would have in an unencumbered state ($210,000.00) and exceeds that value by $50,302.62. Hence, the Creditors' judicial lien impairs the Debtors' exemption to the extent of $50,302.62. The remainder of the Creditors' judicial lien—$88,190.00—is not subject to avoidance by the Debtors.

■ The Creditors stipulate that their lien against the Property is avoidable un-

der § 522(f) to the extent it exceeds $88,190.00. However, under § 522(f), the Creditors' judicial lien against the Property cannot be avoided to the extent of $88,190.00 and such lien remains valid and enforceable unless satisfied. The Creditors admittedly received payments totaling $31,587.37 from the Chapter 13 Standing Trustee and concede that the Debtors are entitled to a credit. Hence, the Debtors are entitled to a credit against the Creditors' surviving lien ($88,190.00—$31,587.37). Accordingly, the Creditors' judicial lien against the Property is not avoidable and remains valid and enforceable to the extent of $56,602.63.

## IV. *CONCLUSION*

For the foregoing reasons, the Court grants in part and denies in part the motion of the Debtors to avoid the judicial lien of the Creditors. The Court partially avoids the judicial lien of the Creditors to the extent of $50,302.62. The remainder of the Creditors' judicial lien against the Debtors' Property is not avoidable and remains valid and enforceable to the extent of $56,602.63, after crediting the amount already paid to the Creditors through the Chapter 13 plan ($31,587.37).

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.