## In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 03-4311

UNITED STATES OF AMERICA,

*Appellee-Plaintiff*,

*v.*

MISCELLANEOUS FIREARMS, EXPLOSIVES,
DESTRUCTIVE DEVICES AND AMMUNITION,

*Defendant*,

APPEAL OF:  DONNA FLEISCHLI, Claimant.

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 00 C 3035—**Richard Mills**, *Judge.*

---

ARGUED JUNE 9, 2004—DECIDED JULY 21, 2004

---

Before FLAUM, *Chief Judge*, and BAUER and EVANS, *Circuit Judges*.

EVANS, *Circuit Judge*.  In this appeal, we consider the meaning of the word "any" the last time it appears in a federal statute dealing with the forfeiture of firearms. The underlying facts, which we can mercifully shorten, are that Joseph Fleischli was convicted of being a felon in possession

of firearms, actually a bevy of firearms, and we rejected his challenge to the conviction last year. *See United States v. Fleischli*, 305 F.3d 643 (7th Cir. 2002), *cert. denied*, 538 U.S. 1001 (2003).

The firearms Fleischli illegally possessed were seized, along with ammunition and assorted explosive devices, by agents of the Bureau of Alcohol, Tobacco and Firearms (ATF) while executing a search warrant. Forty-four days after the firearms were seized, the ATF commenced administrative forfeiture proceedings by sending a letter to Fleischli notifying him that to contest the forfeiture, a claim had to be filed. Three weeks later, Fleischli's wife, Donna, filed a claim with the ATF seeking to contest the forfeiture. Through the ensuing months, the ATF notified Mrs. Fleischli of deficiencies in her claim and bond and gave her opportunities to correct the deficiencies. In May of 1999, some seven months later, the ATF had all the necessary information needed from Mrs. Fleischli. It then referred the matter to the United States Attorney's Office requesting that a judicial forfeiture proceeding be initiated.

Nine months later, the United States filed a forfeiture complaint against the firearms, alleging they were used or involved in a knowing violation of 18 U.S.C. § 922(g)(1), which prohibits possession of firearms by a felon. Mrs. Fleischli filed a motion for partial summary judgment, asserting that the government's judicial forfeiture complaint was not filed within 120 days of the seizure of the guns and therefore was not within the time limitations of the statute governing forfeitures, 18 U.S.C. § 924(d)(1). The district court denied her motion, finding that the government satisfied the statutory time requirements by commencing an administrative forfeiture proceeding within 120 days of the seizure of the firearms.

The parties agreed to forego a trial. Both sides stipulated that the "firearms" met the statutory definition of "fire-

arms" and that each of the guns was shipped in interstate commerce. In opposition to forfeiture, Mrs. Fleischli argued that the proceeding was untimely and that the government failed to establish that Mr. Fleischli's possession of the firearms "substantially" affected interstate commerce.

The district court rejected Mrs. Fleischli's arguments and ordered the firearms forfeited. Mrs. Fleischli appeals, asserting that both administrative and judicial forfeiture proceedings must be commenced within 120 days and further that the government had to prove that the firearms "substantially" affected interstate commerce.

Whether a timely administrative proceeding tolls the statutory time limit for subsequent judicial forfeiture actions is a matter of first impression for us. In 18 U.S.C. § 924(d)(1), Congress provided, in relevant part, as follows:

> Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (I), (j), or (k) or section 922 . . . shall be subject to seizure and forfeiture, and all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms . . . shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter . . . . Any action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure.

Mrs. Fleischli asserts that "any action or proceeding" in the last sentence means "all" actions, thus necessitating the commencement of both administrative and judicial forfeiture actions within the 120-day statutory period. On the other hand, the government claims that "any" means one of a group, which would mean that, so long as the administrative action is begun within 120 days, the government can commence judicial proceedings at any time thereafter.

The cardinal rule of statutory interpretation is that courts "must first look to the language of the statute and assume that its plain meaning accurately expresses the legislative purpose." *Grzan v. Charter Hosp. of Northwest Ind.*, 104 F.3d 116, 122 (7th Cir. 1997) (internal quotation and citation omitted). In determining whether the meaning of statutory language is plain or ambiguous, we look to the specific language at issue, the context in which the language is used, and the broader context of the statute as a whole. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). We will not construe a statute in a way that makes words or phrases meaningless, redundant, or superfluous. *Welsh v. Boy Scouts of America*, 993 F.2d 1267, 1272 (7th Cir. 1993).

Read in isolation, the last sentence of § 924(d)(1) can arguably have more than one meaning. The primary definition of the word "any" is "one or some indiscriminately of whatever kind" or "one or another." *Webster's Third New International Dictionary*. Thus, the last sentence of the § 924(d)(1) could mean either an administrative or judicial proceeding must be commenced within 120 days. However, a secondary definition of "any" is "all—used as a function word to indicate the maximum or whole of a number or quantity [as in] 'he needs all the help he can get.'" *Id.* Thus, the statute could mean that both judicial and administrative actions must be commenced within the 120-day period. These possible interpretations tell us that the statute is ambiguous.

Because we see ambiguity, we look at the entire text and structure of the statute to determine its meaning. *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'") (quoting *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989)). *See Estate of Cowart v.*

*Nicklos Drilling Co.*, 505 U.S. 469, 477 (1992). Interpretations inconsistent with that structure and context should be rejected. *See*, *e.g.*, *FBI v. Abramson*, 456 U.S. 615, 625 (1982). Nor should the interpretation render other provisions of the statute inconsistent, meaningless, or superfluous. *Bailey v. United States*, 516 U.S. 137, 145 (1995).

First, we note that the statute expressly incorporates provisions of the Internal Revenue Code relating to forfeiture. *See* 18 U.S.C. § 924(d)(1) ("[A]ll provisions of the Internal Revenue Code . . . relating to the seizure, forfeiture, and disposition of firearms . . . shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter . . . ."). One such provision, 26 U.S.C. § 7327, incorporates a 5-year statute of limitations for bringing judicial forfeiture actions in cases under customs laws. 19 U.S.C. § 1621. *See* 26 U.S.C. § 7327 ("The provisions of law applicable to the remission or mitigation by the Secretary of forfeitures under the customs laws shall apply to forfeitures incurred or alleged to have been incurred under the internal revenue laws."). This provision has significant bearing on the meaning of judicial forfeitures under § 924(d)(1). The Sixth Circuit has suggested that the 5-year statute of limitations becomes applicable once an administrative action has tolled § 924(d)(1)'s 120-day requirement for initiation of proceedings. *United States v. Ninety-Three Firearms*, 330 F.3d 414, 422 (6th Cir. 2003).

Requiring the initiation of both administrative and judicial proceedings within 120 days would not further the policy favoring administrative proceedings. Administrative proceedings provide the potential for remission which can obviate the need for judicial proceedings. If the government was obligated to initiate judicial proceedings without regard to administrative proceedings, claimants would suffer. Since petitions for remission or mitigation are frequently granted, administrative proceedings often eliminate the need for court proceedings. Successive, rather than concurrent, proceedings

also spare claimants from the burden of participating in two forums simultaneously. *See United States v. Eight Thousand Eight Hundred Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555 (1983) (discussing why administrative proceedings are favored).

Finally, if Congress wanted all proceedings to be subject to the 120-day time limitation, it could easily have indicated this by using the word "all" instead of "any" in the statute. With these considerations in mind, we conclude that the time limitation in § 924(d)(1) merely requires the United States to initiate either an administrative forfeiture proceeding or a judicial forfeiture action within 120 days of seizure.

Mrs. Fleischli also claims the district court erred when it rejected her argument that the statute making it illegal for felons to possess weapons, 18 U.S.C. § 922(g)(1), requires proof that the firearms in question "substantially" affected interstate commerce. This argument is identical to one we rejected in her husband's appeal. She maintains that *Gillespie v. Indianapolis*, 185 F.3d 693 (7th Cir. 1999), which holds that there is no requirement that the government prove more than the fact that a firearm traveled across a state line, cannot stand in light of *Jones v. United States*, 529 U.S. 848 (2000) (owner-occupied property not used for commercial purposes is not property used in or affecting interstate commerce). But we have repeatedly rejected this proposition; *see Fleischli*, 305 F.3d at 653; *United States v. Mitchell*, 299 F.3d 632, 634-35 (7th Cir. 2002); *United States v. Wesela*, 223 F.3d 656, 660 (7th Cir. 2000); and Mrs. Fleischli offers no good reason why we should reconsider our earlier opinions.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*