In the

# United States Court of Appeals
### For the Seventh Circuit

No. 07-1850

IN RE:

MICHAEL W. WILLETT and KARIN J. WILLETT,

*Debtors-Appellees*,

APPEAL OF:

NATIONAL CAPITAL MANAGEMENT, LLC

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. 06 C 177—**Richard L. Young**, *Judge.*

ARGUED JANUARY 23, 2008—DECIDED SEPTEMBER 12, 2008

Before MANION, ROVNER, and EVANS, *Circuit Judges.*

MANION, *Circuit Judge.* Michael and Karin Willett filed for relief under Chapter 13 of the bankruptcy code. During the pendency of their case, they successfully moved to avoid a lien on their residence held by a judgment creditor. The creditor appealed to the district court arguing that the bankruptcy court had incorrectly valued the property, resulting in the erroneous conclusion that

the lien would impair a $15,000 exemption to which the Willetts were entitled under Indiana law. The district court affirmed the bankruptcy court. The creditor appeals making the same argument, and we reverse the district court.

## I.

The facts material to our disposition of this appeal are undisputed. The Willetts purchased a 1995 Chrysler Sebring on August 12, 1998, financed through American Investment Bank ("AIB"). AIB repossessed the vehicle in February 2000 claiming that the Willetts failed to make their payments. The Willetts responded by filing a suit in the Vanderburgh County, Indiana Superior Court against AIB for wrongful repossession, and AIB counterclaimed for the remaining amount the Willetts owed for the car. On August 14, 2003, the jury returned a verdict in favor of AIB in the amount of $8,205. Under Indiana law, this judgment gave AIB a judgment lien on real estate owned by the Willetts. *See* Ind. Code § 34-55-9-2.

On January 29, 2004, the Willetts filed a joint petition for Chapter 13 bankruptcy relief. At the time they filed their petition, the Willetts held a remainder interest in their primary residence located in Evansville, Indiana. Their interest was encumbered by a life estate interest held by Karin Willett's mother, Wanda Garrison. The

Willetts' interest in the property was valued at $65,000[1] and was subject to a $57,841.92 mortgage. As a miscellaneous provision of their petition, the Willetts moved "to avoid any lien asserted by the American Investors Bank with respect to a 1995 Sebring automobile." On March 25, 2004, the bankruptcy court entered an order in which it confirmed the Willetts' Trustee-approved proposed relief plan. The bankruptcy court also noted that AIB held a lien on the Willetts' Sebring and funds on deposit with the Vanderburgh County Clerk. It stated that this lien would "be avoided by separate motion."

The Willetts did not move to avoid AIB's lien until almost two years later on January 5, 2006. Two important developments occurred in the interim. First, AIB transferred its right, title, and interest in the lien on the Willetts' property to National Capital Management, LLC ("NCM"), the appellant herein. Second, by means of a quit-claim deed recorded on December 21, 2005, Wanda Garrison released her interest in the Evansville property, thereby

---

[1] There is a discrepancy in the record regarding whether the Willetts' subordinate, encumbered interest in the Evansville property was valued at $65,000, or whether the property itself had a fair market value of $65,000. For our analysis, we employ the values used by the district court and those that have support in the record. However, we express no opinion on the correct values that should be attributed to the Willetts' interest in the Evansville property upon filing their petition, or at any later date. Our consideration here extends only to the legal question of when those valuations should be made under the bankruptcy code.

granting the Willetts a fee simple interest. The value of the fee simple interest in December 2005 was determined to be $95,000. However, when the Willetts moved on January 5, 2006, to avoid the lien, they cited the earlier valuation of $65,000.

The basis for the Willetts' motion to avoid the lien was 11 U.S.C. § 522, entitled "Exemptions," which provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a judicial lien . . . ." 11 U.S.C. § 522(f)(1)(A). The bankruptcy code continues

> a lien shall be considered to impair an exemption to the extent that the sum of—
>
> > (i) the lien;
> >
> > (ii) all other liens on the property; and
> >
> > (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). Therefore, to avoid impairing the exemption, the remaining value had to exceed the amount of the exemption (in this case, $15,000) plus all liens on the property.

The importance of assigning a correct value to the Willetts' interest in the Evansville property becomes clear once the amounts relevant under § 522 are totaled. NCM held a lien in the amount of $8,205, and the only other

relevant lien was the mortgage on their residence for $57,841.92. The Willetts were entitled under Indiana law to claim a homestead exemption, and at the time they filed their petition that exemption stood at $7,500 each. *See* Ind. Code § 34-55-10-2(b)(1) (1999). Having filed their petition jointly, the Willetts were each entitled to claim the homestead exemption, for a total of $15,000. *See id.* The exemptions plus the liens total $81,046.92. If the valuation is set at $65,000, the liens and the exemptions exceed it by $16,046.92. Under that formula, NCM's lien would therefore impair the Willetts' homestead exemption under § 522(f)(2)(A) entitling the Willetts to avoid that lien under § 522(f)(1)(A). However, if the property valuation is set at $95,000, the value exceeds the liens plus the Willetts' exemptions by $13,953.08. Therefore, if the higher valuation is used, NCM's lien does not impair the Willetts' exemption, and they may not avoid it under § 522.

On September 27, 2006, the bankruptcy court granted the Willetts' motion to avoid NCM's lien. The court listed the value of the Evansville property at $65,000, and concluded that NCM's lien impairs the exemption. NCM appealed the bankruptcy court's decision to the district court. The district court concluded that the relevant provisions of the bankruptcy code did not lead to a clear conclusion regarding valuation of the Evansville property. It therefore sought to discern the legislative intent behind those provisions from sources outside the statute. As a result of this analysis, the district court affirmed the bankruptcy court. NCM appeals.

## II.

We are presented with the narrow question of when a bankruptcy court should value a Chapter 13 debtor's interest in real property for the purposes of a motion to avoid a lien made pursuant to 11 U.S.C. § 522. As seen from the facts above, we consider this question in the specific context of debtors who had a limited interest in the real property in question when they filed their petition for relief, and then obtained a greater interest in the property (here, a fee simple interest in the whole) while the estate was still open and prior to filing the motion to avoid the lien related to the automobile that had attached to the real estate. Because the appeal turns on construction of the bankruptcy code, it presents a question of law which we review de novo. *Vill. of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002). We begin with 11 U.S.C. § 541, which sets forth the fundamental principle that when debtors file a joint voluntary petition[2] like the one filed by the Willetts, an estate in bankruptcy is created. 11 U.S.C. § 541(a). Section 541 continues by listing the properties that comprise that estate. 11 U.S.C. § 541(a)(1)-(7). The first type of property listed, and the only one discussed by the district court, is "all legal or equitable interests of the debtor in property at the com-

---

[2] Section 541 does not expressly mention the filing of a joint voluntary petition, but refers instead to "[t]he commencement of a case under section 301 [or] 302 . . . ." 11 U.S.C. § 541(a). 11 U.S.C. § 301 allows for the filing of a voluntary petition, and 11 U.S.C. § 302 allows for the joint filing of a single petition by spouses.

mencement of the case." 11 U.S.C. § 541(a)(1). However, § 541 also lists "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7).[3]

The bankruptcy code gives additional treatment to the subject of property acquired by debtors after the commencement of a Chapter 13 case, providing, "[p]roperty of the estate includes, in addition to the property specified in section 541 of this title . . . all property . . . that the debtor acquires after the commencement of the case but before the case is closed . . . ." 11 U.S.C. § 1306(a)(1). *See In re Drew*, 325 B.R. 765, 770 (Bankr. N.D. Ill. 2005) ("Thus, property that a Chapter 13 debtor acquires post-petition . . . becomes property of the estate pursuant to § 1306, in contrast to the post-petition acquisitions that do not become part of a Chapter 7 or Chapter 11 estate."). Finally, § 522, the section under which the Willetts moved to

---

[3] Section 541(a)(7) refers to interests acquired by the "estate" while § 541(a)(1) speaks of interests held by the "debtor." The code makes this distinction because different chapters of the bankruptcy code treat property acquired after commencement of the case differently. For example, not all property acquired by a debtor becomes part of the estate in proceedings under Chapter 7. *See, e.g., DeLeon v. Comcar Industs., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (noting that Chapter 13 allows for the inclusion of after-acquired property in the bankruptcy estate while Chapter 7 does not). However, section 541(a)(7) is applicable here because in Chapter 13 proceedings, after-acquired property becomes part of the estate if acquired while the estate is still open. *See* 11 U.S.C. § 1306(a)(1).

avoid NCM's lien, sets forth how to value property, and when that valuation should take place. It states, "'value' means fair market value as of the date of the filing of the petition or, with respect to property that becomes property of the estate after such date, as of the date such property becomes property of the estate." 11 U.S.C. 522(a)(2).

After reviewing all of these provisions except § 541(a)(7), the district court found that there was no definitive answer determining when the Evansville property should be valued. First, it noted that under § 541(a)(1), the remainder interest held by the Willetts when they filed their petition was property of the estate. Under § 522(a)(2), that estate property would be valued at $65,000, the fair market value of their remainder interest when the petition was filed. The court then noted that pursuant to § 1306(a)(1), the fee simple interest acquired in December 2005 would be considered property of the estate even though it was acquired after commencement of the Willetts' case. Under to the second part of § 522(a)(2), the fee simple would be valued at $95,000, its fair market value as of the date it became part of the estate. The court concluded that these provisions did not provide a clear answer to the valuation question, stating that "[a] plain reading of the statutes treats the [Evansville] Property as both property of the estate at the petition filing date and after-acquired property." It then attempted to discern the legislative intent behind the provisions by referencing sources outside the bankruptcy code. Citing the principle that the bankruptcy code's purpose "is to grant a fresh start to the honest but unfortunate debtor,"

*Marrama v. Citizens Bank of Mass.*, 127 S. Ct. 1105, 1107 (2007) (quotation omitted), the district court concluded that the "Debtors' interest in the [Evansville] Property should be valued as of bankruptcy petition filing date."

The district court prematurely moved away from the bankruptcy code. The statutes do not treat the Evansville property as property of the estate at the time of filing, at a later date, or at any time at all. While the bankruptcy code does enable debtors to get a "fresh start," the debtors first have to comply with all of the provisions of that comprehensive code. And a plain reading of the applicable statutes does provide a "definitive answer to the dispute in this case." Section 541, in setting forth what constitutes "property," refers to the *legal interest* a debtor has in property, not the property itself. 11 U.S.C. § 541(a)(1) and (7). Imprecise use of the word "property" may cause some confusion since it can be used to refer to the interest held by a debtor, *see, e.g.,* 11 U.S.C. §§ 522(a)(2) and 541(a)(1), or the item (e.g., piece of real estate) in which the debtor holds that interest. However, the focus of the provisions referenced above is on "interests" held by debtors and estates. The Willetts held a remainder interest in the Evansville property when they filed their petition, and they later acquired a full fee simple interest while the estate was still open. The code provides that these interest should have been valued at the time each became part of the estate. Here, the debtors acquired an increased interest in the same real estate which was valued at $95,000 before the estate was closed.

The fact that the Willetts' interest in the Evansville property increased during the pendency of their case does

not present a situation outside the express scope of the bankruptcy code. Courts are obliged to read statutory provisions at issue in such a way as to avoid a conflict between them if such a construction is possible and reasonable. *Precision Industs., Inc. v. Qualitech Steele SBQ, LLC*, 327 F.3d 537, 544 (7th Cir. 2003). This can be accomplished here because the portions of § 522 and § 541 addressing property held by debtors when they file their petition are applicable to every petition filed. They allow for identification of the estate's property, as well as the valuation of that property should the debtor elect to seek an exemption. In cases where a debtor acquires property after commencement of the action, the portions of § 522, § 541, and § 1306 concerning after-acquired property dictate what becomes property of the estate, and how it is valued. This reading of the code avoids rendering the after-acquired property provisions of § 522, § 541, and § 1306 meaningless. *See United States v. Miscellaneous Firearms, Explosives, Destructive Devices, and Ammunition*, 376 F.3d 709, 712 (7th Cir. 2004) (noting that statutory provisions should not be construed in a way that renders other provisions of the same statute inconsistent, meaningless, or superfluous).[4]

---

[4] The district court cites to four bankruptcy cases stating that the proper time to value property for a lien avoidance analysis is the time the petition was filed. *See In re Vokac*, 273 B.R. 553, 556-57 (Bankr. N.D. Ill. 2002); *In re Schmidt*, 2000 WL 33950749, * 1 (Bankr. C. D. Ill. 2000); *In re VanZant*, 210 B.R. 1011, 1014 (Bankr. S.D. Ill. 1997); and *In re Girard*, 98 B.R. 685, 688 (Bankr. D. Vt. 1989). However, *VanZant* and *Girard* were filed under

(continued...)

Applying these principles to the matter before us, the Willetts' case remained governed by the provisions covering property held by the debtors at the commencement of their action until December 21, 2005. On that date, their interest in the Evansville property, property belonging to the estate under § 541, changed from a remainder interest valued at $65,000, the fair market value when they filed their petition, to a fee simple interest valued at $95,000, the fair market value as of the date the property became part of the estate. *See* 11 U.S.C. § 522(a)(2). The bankruptcy code therefore provided all the guidance necessary regarding Congress's intent in handling situations like the one presented here, and there was no need to look further. *See Zedan v. Habash*, 529 F.3d 398, 405 (7th Cir. 2008) (noting that "as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute"). The district court's conclusion that the Evansville property should be valued based upon the interest held by the Willetts when they filed their petition was erroneous.[5]

---

[4] (...continued)

Chapter 7. Therefore, § 1306(a)(1), important to our conclusion here, was not applicable in those cases. *See* 11 U.S.C. § 103(i) ("Chapter 13 of this title applies only in a case under such chapter."). Also, none of the cases dealt with a debtor who acquired *a different interest* in the property at issue following initiation of the case.

[5] We decline to reach a number of issues raised by the Willetts in their brief including the evidentiary basis for the $95,000

(continued...)

### III.

When the Willetts moved to avoid NCM's lien, their interest in the Evansville property should have been valued at the fair market value of their fee simple interest at the time it was recorded on December 21, 2005. Accordingly, the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

---

[5] (...continued) value, NCM's failure to appeal the bankruptcy court's confirmation order, and whether NCM was entitled attorneys' fees. In addition to being irrelevant to the narrow statutory issue considered by the district court and presented to us on appeal, these arguments were not raised before the district court, and may not be raised here for the first time. *See Domka v. Portage County, Wis.*, 523 F.3d 776, 783 n. 11 (7th Cir. 2008).

---