NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2008[*]
Decided November 6, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2205

| | |
|---|---|
| BARRY J. SMITH, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
|     *v.* | |
| | No. 08-C-262 |
| UNITED STATES OF AMERICA and | |
| STATE OF WISCONSIN, | Rudolph T. Randa, |
|     *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Barry Smith, a resident of Milwaukee, Wisconsin, was disqualified from running for alderman because of a prior conviction. Smith then tried to sue the United States and the State of Wisconsin for damages because, he says, the law that prohibits him from appearing on the ballot violates his rights under the Thirteenth, Fourteenth, and Fifteenth

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a); CIR. R. 34(f).

Amendments of the United States Constitution.  Because Smith asked to proceed *in forma pauperis*, the district court screened his complaint before service of process.  *See* 28 U.S.C. § 1915(a)(1), (e)(2)(b)(ii); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).  The court dismissed the suit on the grounds that Smith fails to state an actionable claim and, in any event, has sued the wrong parties.

We agree that Smith sued the wrong parties.  The State of Wisconsin cannot be sued under 42 U.S.C. § 1983—as Smith tries to do—both because a state is not a "person" for purposes of that statute, and because a suit against a state for money damages is barred by the Eleventh Amendment.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989); *Porco v. Trs. of Ind. Univ.*, 453 F.3d 390, 395 (7th Cir. 2006).  And the United States is immune from suit unless it consents to be sued.  *See Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996); *Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008).  Smith points to no statute where the United States has waived its immunity for these claims.

Instead, Smith purports to correct the defects in his complaint by attaching to his appellate brief a proposed amended complaint naming the City of Milwaukee as a defendant.  Smith argues that he should be allowed him to amend his complaint, but he never tried to do so in the district court.  We will not entertain arguments raised for the first time on appeal.  *In re Willett*, No. 07-1850, 2008 WL 4182649, at *4 n.5 (7th Cir., Sept. 12, 2008); *Domka v. Portage County, Wis.*, 523 F.3d 776, 784 (7th Cir. 2008).  Nor may Smith amend his complaint on appeal.  *See Holman v. Indiana*, 211 F.3d 399, 406 (7th Cir. 2000); *Hamlin v. Vaudenberg*, 95 F.3d 580, 583-84 (7th Cir. 1996).

Accordingly, the judgment of the district court is

AFFIRMED.