**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2009[*]
Decided November 24, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-4063

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 00-3035 |
| MISCELLANEOUS FIREARMS, EXPLOSIVES, DESTRUCTIVE DEVICES & AMMUNITION, *Defendant,* | Richard Mills, *Judge.* |
| APPEAL OF: DONNA FLIESCHLI, *Claimant-Appellant.* | |

**O R D E R**

This case arose when Donna Flieschli asked the government to return a number of items that had been seized in conjunction with a prosecution against her husband, Joseph. She sought sanctions against the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") after it failed to do so, but the district court refused to take that step. Flieschli did

---

[*] We granted appellee's unopposed motion to waive oral argument. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(f).

not appeal from that order; instead, she filed a motion to reconsider, which the district court also denied. The latter ruling is the only one now before us. Flieschli has suggested no reason, however, why the district court abused its discretion by standing firm; instead, she has attempted belatedly to raise arguments that she could have presented had she filed a timely appeal from the underlying order. We therefore affirm.

## I

For years, Flieschli has struggled with federal authorities to recover an arsenal of firearms. In 1998, agents from the Bureau seized numerous firearms, explosives, destructive devices, and ammunition from the home she shared with her husband, Joseph Flieschli, and from Joseph's business. As a convicted felon, Joseph was prohibited from possessing firearms. See 18 U.S.C. § 922(g)(1).

After Joseph's conviction for possession of a bevy of firearms in 2003, see *United States v. Flieschli,* 305 F.3d 643 (7th Cir. 2002), *cert. denied,* 538 U.S. 1001 (2003), the Bureau filed a civil complaint seeking forfeiture of various firearms, explosives, and ammunition. Donna Flieschli, proceeding *pro se*, answered the Bureau's complaint and opposed forfeiture. Ruling on the Bureau's complaint in December 2003, the district court entered a forfeiture order specifying 33 items forfeited to the United States and 29 items that were not forfeited. Flieschli claims that the nonforfeited items had a value of $76,000. Of the 29 nonforfeited items, only six remained in the Bureau's possession at the time of the court's order. The Bureau says that it had destroyed 23 items without notifying the court, although we are not told when the destruction occurred.

Unaware at the time of the forfeiture order that the Bureau had destroyed most of the nonforfeited property listed in the district court's order, Flieschli embarked on a three-year quest to recover everything. Flieschli first appealed the forfeiture order to this court; the order was affirmed. *United States v. Miscellaneous Firearms, Explosives, Destructive Devices, & Ammunition,* 376 F.3d 709 (7th Cir. 2004), *cert. denied,* 544 U.S. 1019 (2005). Then Flieschli moved the district court to set aside the judgment of forfeiture for lack of subject matter jurisdiction, but the district court denied that motion. *United States v. Miscellaneous Firearms, Explosives, Destructive Devices & Ammunition,* 399 F. Supp. 2d 881, 882 (C.D. Ill. 2005).

Next, Flieschli wrote to the Bureau demanding the return of the nonforfeited items. Without informing Flieschli that it had already destroyed some nonforfeited items, the Bureau directed a field officer to return all her nonforfeited property. More than a year later, the Bureau returned one item (an ammo drum). Six months later, the Bureau returned five more items. At that time, it included a notation on a receipt disclosing that six identified

items in the nonforfeited group had been destroyed. The notation did not say anything about the other 17 nonforfeited items.

Nearly three years later, in 2008, Flieschli asked the district court to find the Bureau in contempt and to sanction it for failing to return her nonforfeited property in accordance with the court's order. Flieschli also sought compensation for the fair-market value of property that the Bureau was unable to return. The Bureau offered two reasons why sanctions were inappropriate. First, it maintained that it had lawfully destroyed any unreturned property because that property was unsafe to move or store. See 18 U.S.C. § 844(c)(2) (permitting the government to destroy explosive material subject to forfeiture before a "credible witness" if it is impracticable or unsafe to remove or store the items). To substantiate this argument, the Bureau submitted the receipt containing the notation that the Bureau had destroyed six items for safety or storage reasons, but it submitted nothing to authenticate that notation, nor did it offer any evidence about the other 17 unaccounted-for items. Second, the Bureau argued that Flieschli had a statutory remedy available to compensate her for the destroyed property. See 18 U.S.C. § 844 (c)(3) (stating that any person having an interest may apply to the Attorney General for reimbursement within 60 days after any destruction under 18 U.S.C. § 844(c)(2)).

In light of the Bureau's revelation that it had already destroyed all the unreturned property, Flieschli asked for leave to file a reply brief. In her proposed reply, Flieschli contends that sanctions were appropriate as compensation for the considerable time and effort that she has expended in what appears to be a futile effort to recover property that has already been destroyed. The district court denied leave to file a reply and denied her request for sanctions against the Bureau. It ruled that the Bureau had lawfully destroyed all of the unreturned, nonforfeited items, and that sanctions were inappropriate because Flieschli had not pursued an available statutory remedy.

At this point, Flieschli made a critical mistake. Rather than appeal the district court's ruling, Flieschli did nothing for a month and then filed a motion to reconsider. In that motion, she argued that the district court erroneously had concluded that the property was destroyed and that sanctions were inappropriate. Flieschli also demanded compensation for the time and expense that the Bureau could have spared her had it timely notified her of the property's destruction. The district court denied her motion on October 1, 2008. On November 25, 2008, within 60 days of the ruling on the motion to reconsider but nearly four months after the sanctions ruling, Flieschli appealed the district court's denial of her motion to reconsider.

**II**

Flieschli's motion to reconsider was filed more than ten days after entry of the district court's order denying sanctions. Therefore, we treat the motion under Federal Rule of Civil Procedure 60(b). FED. R. APP. P. 4(a)(4)(vi); *Talano v. Nw. Med. Faculty Found.*, 273 F.3d 757, 762 (7th Cir. 2001). We lack jurisdiction to review the underlying sanctions decision because Flieschli filed no timely appeal from that decision. *Easley v. Kirmsee*, 382 F.3d 692, 696 n.3 (7th Cir. 2004); *Del Carmen v. Emerson Elec. Co.*, 908 F.2d 158, 161 (7th Cir. 1991). Had she appealed that order, Flieschli could have argued that the district court clearly erred in finding that all the nonforfeited items were lawfully destroyed. She also could have taken issue with the court's legal finding that she had an available statutory remedy for the unreturned property.

But Flieschli filed only a Rule 60(b) motion, and therefore she must demonstrate in this appeal that the district court abused its discretion in denying her motion. See *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005). Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). We review a district court's ruling on a Rule 60(b) motion only for abuse of discretion. *Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009).

In order to enforce the jurisdictional time periods for taking an appeal, we have emphasized that Rule 60(b) cannot be used as a device that simply extends the time for making arguments that would have been available on a direct appeal. *Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir.), *cert. denied*, 129 S. Ct. 609 (2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). In this case, moreover, we would review the district court's decision denying sanctions deferentially and would set it aside only for abuse of discretion, *Bailey v. Roob*, 567 F.3d 930, 933 (7th Cir. 2009). This makes Flieschli's challenge even more formidable because, in denying her Rule 60(b) motion, the district court acted with "discretion piled upon discretion." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (citation omitted).

Flieschli has styled her argument as an appeal from the denial of her Rule 60(b) motion, but in substance she simply focuses on two alleged errors in the district court's ruling on her motion for sanctions. Flieschli first contends that she had no statutory remedy under 18 U.S.C. § 844 because she was not given notice that her property was destroyed until the government's reply to her motion for sanctions, which was more than 60 days from the day of destruction. See 18 U.S.C. § 844(c)(3). But this is an argument that she was free to make on direct appeal. Therefore, the district court acted within its discretion in rejecting it as a basis for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

Flieschli's second argument shares the same fate. She argues that the government misrepresented to the district court that the Bureau had destroyed the nonforfeited items. See FED. R. CIV. P. 60(b)(3). She explains that although the government claimed in its response to the motion for sanctions that the Bureau had destroyed the property, the Bureau's directive to a field officer in 2004 to return all the nonforfeited items demonstrates that it had not done so. This argument fails, too, however as a basis for relief under Rule 60(b). She discovered this asserted fabrication in time to use it as a basis for relief on direct appeal. Therefore, the district court acted reasonably in denying her Rule 60(b) motion on this basis as well. *Gleash,* 308 F.3d at 761. Rule 60 authorizes relief only if the claimed misrepresentation affected the party's ability to present her case on direct appeal, and that did not occur here. *Ty Inc. v. Softbelly's, Inc.,* 353 F.3d 528, 536 (7th Cir. 2003).

Last, Flieschli also demanded compensation for the time and expense that the Bureau could have spared her had it advised her sooner that her property was destroyed. Rule 60(b), however, is not the proper avenue for pursuing damages for a claim of government neglect. See, *e.g.*, *Delay v. Gordon,* 475 F.3d 1039, 1044-45 (9th Cir. 2007); *United States v. One Toshiba Color Television,* 213 F.3d 147, 158 (3d Cir. 2000); *United States v. One Hundred Nineteen Thousand Nine Hundred Eighty Dollars,* 680 F.2d 106, 107-08 (11th Cir. 1982); *United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353, 1356 (5th Cir. 1972).

Accordingly, we AFFIRM the district court's denial of the motion to reconsider.